IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTOINETTE VAIL, | ) |
| Plaintiff, | ) No. 2:25-cv-368 ) ) |
| v. | ) Judge Robert J. Colville ) |
| ROSS KING S.R., et al., | ) ) |
| Defendants. | ) ) ) |

**MEMORANDUM OPINION**

Robert J. Colville, United States District Judge

      Before the Court is a Motion for Leave to Proceed In Forma Pauperis ("IFP Motion") (ECF No. 1) filed by Plaintiff Antoinette Vail. The Court will grant Plaintiff's IFP Motion, and Plaintiff's Complaint (ECF No. 1-1) will be docketed. The Court will not, however, direct service at this time, as the Court lacks subject matter jurisdiction in this matter and Plaintiff's Complaint fails to set forth any factual allegations whatsoever and is frivolous, and it will be dismissed without leave to amend pursuant to 28 U.S.C. §1915(e).

      Pursuant to 28 U.S.C. §1915(a), Plaintiff requested and has been granted leave to proceed *in forma pauperis*. Thus, her allegations must be reviewed in accordance with the directives provided in 28 U.S.C. §1915(e). Section 1915(e)(2), as amended, requires federal courts to review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B).

      "[A] complaint…is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Thus, under §1915(e)(2)(B), courts are "authorized

1

to dismiss a claim as frivolous where 'it is based on an indisputable meritless legal theory or where the factual contentions are clearly baseless.'" *O'Neal v. Remus*, No. 09-14661, 2010 WL 1463011, at *1 (E.D. Mich. Mar. 17, 2010) (quoting *Price v. Heyrman*, No. 06-C-632, 2007 WL 188971, at *1 (E.D. Wis. Jan. 22, 2007)).[1]

In determining whether a complaint fails to state a claim upon which relief may be granted for purposes of Section 1915(e)(2)(B), courts apply the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *D'Agostino v. CECOM RDEC*, 436 F. App'x 70, 72 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In making this determination, the court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. *Angelastro v. Prudential-Bache Sec., Inc*., 764 F.2d 939, 944 (3d Cir. 1985). "To the extent that a complaint filed *in forma pauperis* which fails to state a claim lacks even an arguable basis in law, Rule 12(b)(6) and §1915([e]) both counsel dismissal." *Neitzke,* 490 U.S. at 328 (footnote omitted).

---

[1] Dismissal under Section 1915(e)(2) is "often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering [frivolous] complaints[,]" *Neitzke,* 490 U.S. at 324, or complaints which fail to state a claim on which relief may be granted.

Although a district court is not obligated to permit leave to amend before dismissing a complaint in a non-civil rights case, *Wolfington v. Reconstructive Orthopaedic Assocs. II P.C.*, 935 F.3d 187, 210 (3d Cir. 2019), courts generally grant leave to amend unless amendment of the complaint would be inequitable or futile. *See, e.g., Bachtell v. Gen. Mills, Inc.*, 422 F. Supp. 3d 900, 915 (M.D. Pa. Oct. 1, 2019) (citing *Phillips v. Allegheny Cty.*, 515 F.3d 224, 245 (3d Cir. 2008)).

Plaintiff is proceeding pro se and, as such, she is entitled to liberal construction of her submissions in federal court. This means that the Court must liberally construe the factual allegations of the complaint because pro se pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation omitted); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In addition, the court should "'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'" *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veterans Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)). That said, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Further, pro se litigants are not free to ignore the Federal Rules of Civil Procedure. *Pruden v. Long,* Civ. A. No. 3:CV-06-2007, 2006 WL 3325439, *1 (M.D. Pa. Oct. 24, 2006).

As noted, the Court believes that several deficiencies support dismissal of Plaintiff's Complaint under Section 1915(e) at this time. Most notably, Plaintiff's Complaint contains no factual allegations, and instead merely lists the parties, the purported basis for jurisdiction (specifically asserting that the Court has federal question jurisdiction because Plaintiff attempts to bring a claim under the False Claims Act ("FCA") and the Deficit Reduction Act ("DRA")), and

the relief Plaintiff seeks. Plaintiff submitted a form pro se civil complaint, which provides the following instruction to the litigant under the heading "Statement of Claim":

> Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

ECF No. 1-1 at 4. In response to this prompt, Plaintiff simply wrote: "Federal Civil False Claims and Reduction Acts."

Because Plaintiff pled no facts whatsoever, she fails to allege facts to support a claim to relief that is plausible on its face. Dismissal is warranted on this basis alone. That said, the Court believes that it is in the interest of efficiency to discuss several other issues presented by Plaintiff's Complaint that would also independently warrant dismissal of her Complaint at this juncture.

While Plaintiff's Complaint does not set forth factual allegations supporting her claims, it provides the Court with enough information to determine that it lacks subject matter jurisdiction in this case. As noted, Plaintiff has apparently attempted to assert a claim under the FCA and the DRA. Because Plaintiff is proceeding pro se, such a claim lacks an arguable basis in law, and is thus frivolous. The Third Circuit has explained:

> The False Claims Act enables private parties, known as relators, to bring enforcement actions on behalf of the United States to recover funds which were fraudulently obtained, and to share in any resulting damages award. 31 U.S.C. § 3729, *et seq.*; *see also U.S. ex rel. Wilkins v. United Health Grp., Inc.*, 659 F.3d 295, 304-05 (3d Cir. 2011). When a relator files a qui tam suit, the action is deemed to be brought "for the person and for the United States Government." 31 U.S.C. § 3730(b)(1). Indeed, "while the False Claims Act permits relators to control the False Claims Act litigation, the claim itself belongs to the United States." *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93 (2d Cir. 2008). We have held, however, that an individual proceeding pro se may not represent third parties in federal court. *See Lazaridis v. Wehmer*, 591 F.3d 666, 672 (3d Cir. 2010); *see also* 28 U.S.C. § 1654 (providing that in federal court, "parties may plead and conduct

4

their own cases personally or by counsel. . . ."). Therefore, a pro se litigant may not pursue a qui tam action on behalf of the Government.

*Downey v. United States*, 816 F. App'x 625, 627 (3d Cir. 2020); *see also Stoner v. Santa Clara Cnty. Off. of Educ.*, 502 F.3d 1116, 1126 (9th Cir. 2007) ("Nor does the FCA 'support a finding that the government and the relators can pursue their interests . . . separately,' [*United States v. Schimmels (In re Schimmels)*, 127 F.3d 875, 884 (9th Cir. 1997)], such that relators could bring their 'own case' without binding the government."). Because Plaintiff cannot pursue a claim under the FCA while proceeding pro se, such a claim cannot form the basis for federal question jurisdiction in this case. The same is an independent basis that would support dismissal of Plaintiff's Complaint.

Plaintiff also makes a vague reference to "identity theft" in her claim for relief. "The federal statute criminalizing identity theft, 18 U.S.C. § 1028, however, does not permit a civil cause of action or remedy, and there is no other private federal law cause of action for identity theft." *Walker v. Jackson*, No. 24-CV-2574, 2024 WL 3761743, at *3 (E.D. Pa. Aug. 12, 2024). Accordingly, the same cannot support federal question jurisdiction.

To the extent that Plaintiff attempts to assert state law claims sounding in tort or breach of contract, the Court notes that the civil cover sheet (ECF No. 1-2) attached to Plaintiff's Complaint indicates that she and the Defendants are all citizens of Pennsylvania, thus establishing that the complete diversity requirement of 28 U.S.C. § 1332 is not met in this case. Accordingly, the Court does not have subject matter jurisdiction over any such claims.

Finally, the Court notes that Plaintiff lists "Beyond Home Healthcare (Owner)" in the caption of her Complaint, and that she checked a box on her civil cover sheet that indicates that at least one plaintiff is "Incorporated or [has a] Principal Place of Business [i]n This State." ECF No. 1-2. "Corporations and limited liability companies (LLC) cannot proceed as pro se litigants

in federal court." *Kilinc v. Tracfone Wireless Inc.*, 757 F. Supp. 2d 535 (W.D. Pa. 2010). Accordingly, to the extent that Plaintiff attempts to bring claims on behalf of a corporate entity or LLC pro se, the same is improper.

Given Plaintiff's pro se status and considering the Court's discussion above, the Court is constrained to conclude that amendment of the claims upon which Plaintiff relies for subject matter jurisdiction would be futile in this specific case. Accordingly, the Court will dismiss this case without leave to amend, and it will direct the Clerk of Court to mark this case as closed. To be clear, the Court's dismissal is premised upon Plaintiff's pro se status and the Court's lack of subject matter jurisdiction. The Court does not pass on the merits of Plaintiff's claims, other than to acknowledge that there is no private federal cause of action for identity theft. This Court's Order will be entered without prejudice to Plaintiff pursuing her potential FCA claim in the future to the extent she obtains counsel. The Court further notes that its decision is also entered without prejudice to Plaintiff, whether pro se or with the aid of counsel, pursuing any state law claims dismissed herein in state court.

BY THE COURT:

*/s/Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: April 4, 2025

cc:

    Antoinette Vail
    110 McIntyre Road
    Pittsburgh, PA 15237